UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE CARD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 23-cv-06246-AMO (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff Christopher Lee Card, who is currently in custody at the Santa Rita Jail ("SRJ"), filed the instant civil rights action pursuant to 42 U.S.C. § 1983, representing himself. Card's claims stem from an incident on June 4, 2023 at the John George Psychiatric Hospital ("JGPH"). He has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper in this judicial district because the events giving rise to the claim are alleged to have occurred at JGPH, which is located herein. *See* 28 U.S.C. § 1391(b). Card names the following defendants: "County of Alameda" and "Alameda County Behavioral Health Care." Dkt. 1 at 2.[1] Card seeks monetary and punitive damages. *Id.* at 5.

The Court now reviews Card's complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court **DISMISSES** the complaint with leave to amend.

I.  **DISCUSSION**

    A.    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Card.

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). Pleadings submitted by self-represented plaintiffs must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Further, liability may be imposed on an individual defendant if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if they engage in an affirmative act, participates in another's affirmative act or fails to perform an act which they are legally required to undertake, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (finding that a prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer*, 844 F.2d at 633.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "'Supervisory liability is imposed against a supervisory official in [their] individual capacity for [their] own culpable action or inaction in the training,

2

1    supervision, or control of [their] subordinates, for [their] acquiescence in the constitutional

2    deprivations of which the complaint is made, or for conduct that showed a reckless or callous

3    indifference to the rights of others.'" *Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007)

4    (citations omitted). Under no circumstances is there respondeat superior liability under section

5    1983. *Taylor*, 880 F.2d at 1045.

6    Finally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set

7    forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

8    Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct."

9    *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that

10   was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal

11   rules require brevity in pleading, a complaint nevertheless must be sufficient to give the

12   defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*,

13   127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to state the

14   specific acts of the defendant that violated the plaintiff's rights fails to meet the notice

15   requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir.

16   1982).

17   **B.     Analysis**

18   Card claims that while he was a "patient" at JGPH on June 4, 2023, he "had fil[ed] several

19   complaints" and went to his room to sleep. Dkt. 1 at 4. "Soon after," he woke up "surrounded by

20   a mob of security guards and nurses, one of them being one of the two nurses [he] recently filed a

21   grievance against (Nurse Neeka)." *Id.* "They told [him] that since [he] had filed a grievance

22   earlier that Nurse Neeka ordered [for him] to receive 'a shot' to calm [him] down." *Id.* Card

23   claims that when he "refused," they "retaliated" and he was "attacked and forcibly given the shot,

24   which caused [him] to lo[]se consciousness and collapse onto the hallway floor in pain, where

25   they left [him] without any assistance for a substantial duration." *Id.* Specifically, "[t]hey

26   slammed [him] onto a plastic/rubber bed then 'Nurse Pam' entered the room with an elongated

27   needle which they 'stabbed' into [him] 'in [his] buttock[s]' then force-fed the unknown chemicals

28   into [him], causing excruciating pain" and "nerve damage." *Id.* at 5. Card states the "entire

1 incident was captured on camera." *Id.* at 4.  Card claims they "never allowed [him] to see a doctor because the next day, as a way to cover it up, they illegally deemed [him] fit for incarceration." *Id.* at 5.  After Card left JGPH on June 5, 2023, he "immediately had to be placed back on 'suicide watch' at [SRJ]." *Id.*

### 1. Official Capacity Claims

Card has sued all named defendants individually and in their official capacities seeking monetary relief.  Dkt. 1 at 2.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Unless waived, the Eleventh Amendment bars a federal court award of damages against a state, state agency, or state official sued in an official capacity. *Id.* at 169.  As there has been no waiver here, Card's claims against the named defendants in their official capacities for monetary damages are barred by the Eleventh Amendment and necessarily **DISMISSED WITH PREJUDICE**.

### 2. Individual Capacity Claims

#### a. Lack of Named Defendants

As an initial matter, the Court notes that Card has not identified the "individual defendants whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633.  Nor does Card link any of these unnamed defendants to his claims.  Naming the "Alameda County" and "Alameda County Behavioral Health Care," *see* Dkt. 1 at 1-2, is not sufficient.  Similarly, Card attempts to list "John George Psychiatric Hospital," as the "Job or Title" of defendant "County of Alameda," *see id.* at 2, but he does not name any specific hospital workers from JGPH.

Even if Card had named individual members of the hospital staff, he has not claimed that they were government employees.  However, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citations omitted).  Thus, unless the hospital staff who provided Card with care were state employees, there was no state action. *See West v. Atkins*, 487 U.S. 42, 54-55 (1988)).  Thus, if Card names such individuals as defendants, for his claims against them to proceed, he must, if he can, allege that they are state

4

1  actors who can be held liable for constitutional violations.

2  Second, there is no respondeat superior liability under section 1983. *Taylor*, 880 F.2d at 1045. It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-83 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")). If Card wishes to name supervisorial liability defendants, he must indicate that they each committed an affirmative act and he cannot link them based solely on their supervisory capacity.

Appropriate defendants would include specific security or medical staff members at JGPH who allegedly retaliated against him for filing grievances, used excessive force against him, and then denied him medical care, etc. Card also must provide names (or other identifying information) as well as allegations that plausibly establish liability. Thus, Card's complaint is **DISMISSED** with leave to amend his claims to correct these aforementioned deficiencies.

### b. Exhaustion Issues

Finally, before Card can proceed with his claims in court, he must first exhaust available administrative remedies with respect to each claim. Here, some of the claims raised in Card's complaint do not appear to have been exhausted through the administrative grievance procedure at SRJ. Card does not specifically address exhaustion of the grievance procedure at SRJ as to each claim, but he seems to be familiar with the grievance process as he claims to have filed grievances in the past. *See* Dkt. 1 at 4. Because Card did not attach any of his grievance forms, it thus appears he has not exhausted his administrative remedies on each claim before filing suit, as required by 42 U.S.C. § 1997e(a). For this case to proceed, Card will additionally need to t show exhaustion, or the case will be dismissed without prejudice so Card can properly exhaust his claims.

### c. Summary

In sum, Card's claims with leave to amend so that Card can correct the identified deficiencies. Card must name specific defendants. He must also elaborate on all the aforementioned claims and specifically link any named defendants to his claims. In an Amended Complaint, Card must identify the specific security or medical staff involved in the alleged constitutional violations, and he must describe how their actions violated his constitutional rights. If Card names any specific hospital workers as defendants, he should specify if they are government actors. He must also provide information regarding administrative exhaustion of his claims.

## II. CONCLUSION

For the foregoing reasons, the Court orders:

1. Card's claims against the named defendants in their official capacities for monetary damages are **DISMISSED WITH PREJUDICE**.

2. Card's complaint is **DISMISSED** with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

    a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i. Set forth **each claim** in a separate numbered paragraph;

        ii. Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly caused the deprivation of the plaintiff's constitutional rights; and

        iii. Identify the injury resulting **from each claim**;

    b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** before he filed this action;

    c. States specifically **how each defendant** is directly linked to the plaintiff's claims;

    d. **Names supervisorial liability defendants** who committed an affirmative act, and is not linked solely in his or her supervisory capacity, or against whom the plaintiff can allege facts that would establish either supervisorial or municipal liability;

    e. Names **doe defendants** (unnamed defendants) only if the plaintiff can set forth specific facts showing how each of these doe defendants actually and proximately caused the deprivation of a federally protected right, and the plaintiff must also provide to the Court the names of any of these **doe defendants**; and

    f. Names **specific hospital workers**, describes how their actions violated his constitutional rights, and specifies if they are **government actors or private parties**; and

  3. The plaintiff shall have **twenty-eight (28) days** from the date of this Order to file an Amended Complaint that complies with the Court's above orders.

  He must indicate the case number for this action—Case No. 23-cv-06246-AMO (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces all previously-filed complaints, the plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If the plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Card's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

  4. It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

  5. The Clerk of the Court shall send the plaintiff a blank civil rights complaint form

along with his copy of this Order.

**IT IS SO ORDERED.**

Dated:  June 21, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**